## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| PRECISION-HAYES, INTERNATIONAL, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-19-1805 |
| | § | |
| JDH PACIFIC, INC., | § | |
| | § | |
| *Defendant*. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court are defendant JDH Pacific, Inc.'s ("JDH") Motion to Dismiss Pursuant to Fed. R. Civ. P. 9(c) (Dkt. 2) and Motion to Compel Arbitration (Dkt. 12). Plaintiff Precision-Hayes, International, Inc. ("PHI") responded to both motions. Dkts. 7, 14. JDH replied. Dkts. 9, 16. Having considered the motions, the responses, the replies, and applicable law, the court finds that JDH's Motion to Compel Arbitration should be GRANTED and JDH's Motion to Dismiss should be DENIED AS MOOT.

### I. BACKGROUND

This case is about agreements between PHI and JDH (the "Agreements") governing JDH's rights as a licensee to "import cast metal anchor plates manufactured outside the United States for sale into the construction industries." Dkt. 1-1 ¶¶ 24, 26, 34. The Agreements purport to grant JDH two exclusive licenses to PHI's patents and trademarks. *Id.* ¶¶ 26, 34. On April 15, 2019, PHI terminated the Agreements. *Id.* ¶ 25. PHI alleges that JDH failed to comply with the terms of the Agreements, such as using the marks in commerce without PHI's consent, failing to pay royalties, refusing to allow PHI to inspect relevant books and records, failing to meet specifications, ignoring requests for samples of anchors, failing to return PHI's confidential information, and failing to

provide a description of anchor inventory. *Id.* ¶ 43. PHI also alleges various violations of PHI's "patents, trademarks, trade secrets, and/or confidential information." *Id.*

PHI filed its original petition in the 400th District Court in Fort Bend County, Texas, on April 18, 2019. Dkt. 1-1. On May 17, 2019, JDH timely removed the case to this court, asserting that this court has diversity jurisdiction and Federal Question jurisdiction over this action. Dkt. 1. On May 21, 2019, this court ordered an initial pretrial and scheduling conference and disclosure of interested persons. Dkt. 3. PHI submitted a joint discovery/case management plan on June 28, 2019 (Dkt. 11) and filed initial disclosures on July 23, 2019 (Dkt. 13).

On May 20, 2019, JDH moved to dismiss the case for failure to satisfy conditions precedent, asserting PHI failed to plead that PHI "has attempted to 'amicably settle all disputes' and only then invoke binding arbitration in breach of Section 5.10 of the Agreements." Dkt. 2 at 1. PHI responded to the Motion to Dismiss. Dkt. 7.

On July 5, 2019, JDH filed a Motion to Compel Arbitration, arguing that PHI and JDH entered into agreements that required arbitration of all disputes and that PHI "ignored the clearly defined agreement of the contracts" when PHI sued JDH rather than submit the disputes to arbitration. Dkt. 12-1. Section 5.10 of the Agreements recites in pertinent part:

> DISPUTE RESOLUTION/ARBITRATION – The parties hereto will attempt to amicably resolve settle all disputes, controversies, or differences arising out of or in relation to this AGREEMENT by good faith negotiation. If such amicable settlement cannot be obtained, then any such dispute shall be submitted to binding arbitration in Dallas, Texas in accordance with the rules of the American Arbitration Association.

Dkt. 2-4 at 14; Dkt. 2-5 at 7. JDH asserted that the disputes are arbitrable under the Federal Arbitration Act, that the parties agreed to arbitrate the disputes in question, and that no external legal

constraints foreclosed arbitration of the claims. Dkt. 12-1. Moreover, JDH argued that since all issues were subject to arbitration, dismissal of the case was appropriate. *Id.*

## II. LEGAL STANDARD

Determining whether parties "should be compelled to arbitrate involves two steps: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *TRC Envtl. Corp. v. LVI Facility Servs., Inc.*, 612 F. App'x 759, 761 (5th Cir. 2015). Whether there is a valid agreement to arbitrate "is evaluated on the basis of ordinary state-law principles that govern the formation of contracts." *Id.* Under this framework, "a court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate that dispute." *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 297, 130 S.Ct. 2847 (2010). In determining whether a dispute falls within the scope of the arbitration agreement, the court "resolves ambiguities in favor of arbitration." *Scudiero v. Radio One of Texas II, L.L.C.*, 547 F. App'x 429, 430 (5th Cir. 2013). "Once the court finds that the parties agreed to arbitrate, it must consider whether any federal statute or policy renders the claims nonarbitrable." *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 214 (5th Cir. 2003).

A party may waive its right to arbitrate if it "substantially invokes the judicial process to the detriment or prejudice of the other party." *In re Mirant Corp.*, 613 F.3d 584, 588 (5th Cir. 2010). Invocation of the judicial process involves engaging "in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration." *Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 329 (5th Cir. 1999). Waiver is determined under the facts of each case. *In re Mirant Corp.*, 613 F.3d at 589. The party claiming waiver has a "heavy burden" because

3

"[t]here is a strong presumption against finding a waiver of arbitration." *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 344 (5th Cir. 2004).

Section 3 of the Federal Arbitration Act provides that when claims are properly referable to arbitration, the court shall stay the trial of the action until the arbitration is complete. 9 U.S.C. § 3. The court "may not deny a stay" upon a showing that "the opposing party has commenced suit upon any issue referable to arbitration under an agreement in writing for such arbitration." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). However, "when *all* of the issues raised in the district court must be submitted to arbitration," then the case can be dismissed. *Id.* (emphasis in original).

### III. ANALYSIS

Neither PHI nor JDH disputes the validity of the Agreements' arbitration clause (Dkt. 12-1), therefore the court will first consider whether PHI's disputes fall within the scope of the arbitration clause. When PHI entered into licensing contracts with JDH, PHI agreed to arbitration of "all disputes, controversies, or differences arising out of or in relation" to the agreements in the event that an "amicable settlement" could not be obtained. Dkt. 2-4 at 14; Dkt. 2-5 at 7. Parties may agree to a broad arbitration clause by incorporating "the standard broad arbitration provision recommended by the American Arbitration Association" or by creating their own provision. *Papalote Creek II, L.L.C. v. Lower Colorado River Auth.*, 918 F.3d 450, 454–55 (5th Cir. 2019). The language of Section 5.10 of the Agreements resembles this standard broad arbitration provision. *See* COMMERCIAL ARBITRATION RULES AND MEDIATION PROCEDURES 8 (Am. Arbitration Ass'n 2016) ("Any controversy or claim arising out of or relating to [the] contract"). Here, the claims of JDH's alleged wrongful conduct and failure to comply with the Agreements unquestionably fall within the scope of Section 5.10 of the Agreements. Similarly, the remaining claims also arise out of or relate

to the Agreements. With no federal statute or policy to make the court believe otherwise, the disputes are subject to arbitration.

PHI contends that JDH waived its right to compel arbitration because JDH has substantially invoked the judicial process and has prejudiced PHI with delay and expenses. Dkt. 14 ¶ 1. PHI alleges that JDH substantially invoked the judicial process by initiating actions in this court, including moving to dismiss this matter with prejudice, before seeking to compel arbitration. *Id.* However, filing a motion to dismiss before filing a motion to stay proceedings does not necessarily constitute waiver. *See Williams v. Cigna Fin. Advisors, Inc.*, 56 F.3d 656, 661 (5th Cir. 1995) (finding no waiver despite party filing a motion to dismiss prior to moving to stay proceedings pending arbitration).

JDH timely removed the case to this court (Dkt. 1), filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 9(c) for Failure to Satisfy Conditions Precedent (Dkt. 2), replied to PHI's response to the Motion to Dismiss (Dkt. 9), negotiated a Joint Discovery/Case Management Plan with PHI (Dkt. 11), and filed a Motion to Compel Arbitration (Dkt.12). Although JDH engaged in a series of acts in this court, the acts are routine by nature and none bears on the merits of PHI's claims. After the case was removed, this court ordered counsel to prepare a joint discovery/case management under Fed. R. Civ. P. 26(f) as an initial court procedure. Dkt. 3 ¶ 4; *see also* S.D.Tex. LR16.1. About a month later, PHI and JDH submitted their Joint Discovery/Case Management Plan. *See* Dkt. 11. JDH's compliance with Fed. R. Civ. P. 26(f) and other actions in early stages of litigation do not substantially invoke the judicial process.

PHI further argues that JDH's invocation of the judicial process has prejudiced PHI by delaying resolution and incurring expenses to PHI. Dkt. 14 ¶ 1. Prejudice "refers to the inherent unfairness in terms of delay, expense, or damage to a party's legal position that occurs when the

party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue." *Republic Ins. Co.*, 383 F.3d at 346. "Courts considering prejudice look to things such as how much discovery has been conducted and how much the litigation relates to the merits. . . Minimal discovery does not demonstrate prejudice." *Aptim Corp. v. McCall*, 888 F.3d 129, 142 (5th Cir.), *cert. dismissed*, 139 S. Ct. 660 (2018). Prejudice is less likely to be found when the party was given notice of the other party's desire to arbitrate. *See Tenneco Resins, Inc. v. Davy Intern., AG*, 770 F.2d 416, 420 (5th Cir. 1985) ("Although [Defendant] did not move for a stay pending arbitration until approximately eight months into the litigation, in its answer . . . [Defendant] did seek to have the action dismissed because the dispute was covered by [an] arbitration clause thereby putting [Plaintiff] on notice as to its desire to arbitrate . . . ."). When minimal discovery has occurred, "the court should not ordinarily infer waiver based upon prejudice to the party opposing the motion to stay litigation." *Id.* at 421.

Although PHI spent time and money preparing for trial, PHI was put on notice as to the fact that JDH desired arbitration when JDH moved to have the action dismissed because the disputes were covered by a valid and enforceable arbitration clause. Dkt. 2-1 at 14 ("PHI has not pled . . . that is has 'submitted the dispute to binding arbitration . . .' Therefore, Claims 1-5 (PHI's entire Complaint) must be dismissed . . . ."). Less than two months later, during which only a joint discovery plan and initial disclosures were submitted by PHI in accordance with Fed. R. Civ. P. 26(f) and this court's procedures, JDH moved to compel arbitration. Following PHI's request for discovery, JDH moved for a stay of discovery pending resolution of dispositive motions. Dkts. 17, 18. This court granted JDH's Motion to Stay Discovery, preventing further discovery. Dkts. 18, 20.

PHI knew that there was an arbitration agreement, yet it filed suit against JDH in state court. Any delay in the arbitration was caused by PHI, not JDH. JDH has not forced PHI to litigate the merits of its claim prior to invoking arbitration. Any delay to arbitrate resulted from complying with

court orders, and discovery thus far was minimal. PHI has not been prejudiced. *See Tenneco Resins*, 770 F.2d at 421. Thus, the strong presumption against finding a waiver has not been rebutted. *See Republic Ins. Co.*, 383 F.3d at 344. Because it has neither invoked the judicial process substantially nor has PHI been prejudiced, JDH has not waived its right to arbitration.

PHI alternatively requests the court "stay the proceeding during the pendency of an arbitration procedure" and deny JDH's request to dismiss. Dkt. 14 ¶ 22. A stay is not required "when all of the issues raised in the district court" are submitted to arbitration. *Alford*, 975 F.2d at 1164. Retaining jurisdiction and staying the action "will serve no purpose" when all the issues are submitted to arbitration. *Id.* Here, all the issues raised in this action, including the interpretation of conditions precedent required under the Agreements (if any), are arbitrable because all disputes "arising out of or in relation to this AGREEMENT . . . shall be submitted to binding arbitration." *See* Dkt. 2-4 at 14; Dkt. 2-5 at 7. Because all of PHI's claims are subject to arbitration, dismissal of this case is proper.

### IV. CONCLUSION

Because the contracts require all disputes "arising out of or in relation to this agreement . . . [to] be submitted to binding arbitration," JDH's Motion to Compel Arbitration (Dkt. 12) is GRANTED and JDH's Motion to Dismiss Pursuant to Fed. R. Civ. P. 9(c) for Failure to Satisfy Conditions Precedent (Dkt. 2) is DENIED AS MOOT. PHI's claims are DISMISSED WITH PREJUDICE.

Signed at Houston, Texas on November 5, 2019.

_____
Gray H. Miller
Senior United States District Judge